IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

           **v.**                 **Criminal No.** 14-080 (FAB)

JOSE HECTOR GUIVAS-SOTO,

    **Defendant.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

    Before the Court's consideration is whether Assistant U.S. Attorney Marshal Morgan ("AUSA Morgan") violated Model Rule of Professional Conduct 4.2 ("Model Rule 4.2"), which prohibits an attorney from communicating with a represented person, when he opened and read letters sent directly to him by defendant Jose Hector Guivas-Soto ("Guivas").  For the reasons that follow, the Court finds that AUSA Morgan did not violate Model Rule 4.2.

**I.  BACKGROUND**

    In early September 2015, AUSA Morgan received via the U.S. Postal Service two letters purportedly from defendant Guivas. (Docket No. 153 at pp. 1-4.)  The letters were in envelopes with Guivas's name in the return address.  Id.  After reading the letters, AUSA Morgan informed defendant Guivas's counsel that he had received letters from Guivas.  (Docket No. 137 at p. 2.) Rather than providing defense counsel with the letters, the United

Criminal No. 14-080 (FAB)                                                2

States submitted copies of the letters to the Court *ex parte* and requested a hearing on the matter.  (Docket Nos. 137, 139).

In response to the United States' motion for a hearing, defendant Guivas's counsel suggested that the United States violated Model Rule 4.2 by opening and reading the two letters received from Guivas.  (Docket No. 144 at p. 3.)  Defense counsel opined that as soon as the United States received the letters and saw that they were from a represented defendant, it should have placed the letters back in their envelopes and informed defense counsel or the Court.  Id.  Defense counsel argued that Guivas writing letters to AUSA Morgan is equivalent to Guivas walking into the U.S. Attorney's Office and asking to speak to AUSA Morgan: it is an ethical violation for AUSA Morgan to read the letters just as it would be an ethical violation for AUSA Morgan to listen to Guivas speak.  Id.

On September 16, 2015, the Court ordered the United States to furnish copies of the letters to defendant Guivas's counsel. (Docket No. 146.)  The Court also ordered the United States to show cause why it did not violate Model Rule 4.2 when it read the letters sent by defendant Guivas.  Id.

The United States gave defendant Guivas's counsel copies of the letters on the same day the Court issued its order.  (Docket No. 148.)  On September 28, 2015, the United States filed a thorough response to the Court's show cause order.  (Docket

No. 153.)  On October 6, 2015, the Court granted defendant Guivas's counsel's request to withdraw from representation in the case, and new counsel was appointed for Guivas.   (Docket No. 156.)   On October 27, 2015, defendant Guivas's new counsel informed the Court that, after review of the record and applicable authority, he concluded that the United States did not violate Model Rule 4.2. (Docket No. 169.)

## II.  DISCUSSION

Local Rule 83E(1) requires that attorneys practicing before the Court comply with the Model Rules of Professional Conduct adopted by the American Bar Association.  Loc. R. 83E(a).  Model Rule 4.2 provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Model Rules of Prof'l Conduct r. 4.2.  The purposes of Model Rule 4.2 are to protect represented persons "against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship and the uncounselled disclosure of information relating to the representation." Id. r. 4.2, cmt. 1.  Model Rule 4.2 "applies even though the represented person initiates or consents to the communication." Id. r. 4.2, cmt. 3.

In a case addressing an issue similar to the issue before the Court, the Georgia Court of Appeals found that an assistant district attorney did not violate Georgia Rule of Professional Conduct 4.2, which is substantively equivalent to Model Rule 4.2, when he received and read a letter sent to him by a represented defendant. Morse v. State, 625 S.E.2d 489, 491 (Ga. Ct. App. 2005). The court reasoned that there was no violation because the assistant district attorney did not solicit the letter, did not respond to the letter, and did not attempt to communicate or initiate contact with the defendant. Id.

Here, there is no allegation or indication that AUSA Morgan solicited letters from defendant Guivas. AUSA Morgan did not respond to the letters or give defendant Guivas any indication that he received the letters. The Court therefore finds that AUSA Morgan did not "communicate . . . with" defendant Guivas, a represented person, in violation of Model Rule 4.2. Reading a letter from a represented person may interfere with "the client-lawyer relationship and the uncounselled disclosure of information relating to the representation," which is a result Model Rule 4.2 aims to prevent. See Model Rules of Prof'l Conduct r. 4.2. cmt. 1. Model Rule 4.2, however, prohibits only **communication** by the lawyer, and reading a letter does not communicate anything.

Reading defendant Guivas's letters is not comparable, as defendant Guivas's former counsel suggested, to the hypothetical scenario of listening to defendant Guivas if he were to walk into the U.S. Attorney's Office and request to speak to AUSA Morgan.  In certain situations, listening to a represented defendant, even if the AUSA does not speak or ask questions, is considered communication prohibited by Model Rule 4.2 because the AUSA's "willingness to listen" communicates "interest and concern."  See In re Howes, 940 P.2d 159, 165-66 (N.M. 1997) (finding that AUSA "communicated" with a represented person in violation of professional conduct rule when defendant called AUSA several times on the phone and AUSA listened but did not ask questions, reasoning that "the apparent willingness of . . . a prosecutor to consider a defendant's version of the facts can be a particularly compelling message" and that even though AUSA "asked no questions of defendant, by granting him an audience [he] tacitly encouraged him to keep talking").  Here, the United States gave defendant Guivas no indication that it received or read his letters, and thus, there was no message communicated to Guivas.  The United States promptly notified defendant Guivas's counsel and the Court that it had received the letters, submitted copies of the letters to the Court ex parte, and gave Guivas's counsel copies of the letters upon Court order.  See Docket Nos. 137, 139, 148.  This was the proper procedure.

### III.   CONCLUSION

For the reasons discussed above, the Court finds that AUSA Morgan did not violate Model Rule 4.2 when he opened and read letters sent directly to him by defendant Guivas.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 7, 2015.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE